UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES MORRISON**, | ) |
| Plaintiff, | ) |
| v. | ) **Case No.:** |
| **CREDIT ONE BANK**, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

CHARLES MORRISON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, PA 19128.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in January 2016, Defendant called Plaintiff on his cellular telephone on a weekly basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

14. Defendant's calls would include a pre-recorded voice before speaking to one of Defendant's representatives.

15. Defendant has been contacting Plaintiff to speak to an unknown third party with a last name of Terrell since the calls began in January 2016.

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to speak to the unknown third party.

17. Sometime during the month of January 2016, Plaintiff spoke with Defendant and advised that he was not the person they were calling for and to stop the calls.

18. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose besides harassment.

19. Defendant proceeded to ignore Plaintiff's revocation and call his cellular telephone multiple times each week.

20. Plaintiff told Defendant multiple times that he is not the correct individual that Defendant has desired to speak to and to stop calling him.

21. After Defendant continued to call Plaintiff repeatedly on his cellular telephone, Plaintiff was forced to block calls from Defendant's phone numbers by downloading a blocking application.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TCPA

23.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25.     Defendant's calls to Plaintiff were not made for emergency purposes.

26.     Defendant's calls to Plaintiff, on and after January 2016, were not made with Plaintiff's prior express consent.

27.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHARLES MORRISON, respectfully prays for a judgment as follows:

     a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

     b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

     c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

     d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

     e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARLES MORRISON, demands a jury trial in this case.

Respectfully submitted,

DATED: 6-24-16

/s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com